1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND EVERET PELZEL and
MERRILEE PELZEL,

                    Plaintiffs,

          v.

FIRST SAVING BANK NORTHWEST,
et al.,

                    Defendants.

CASE NO. C10-5688BHS

ORDER DENYING
TEMPORARY
RESTRAINING ORDER

        This matter comes before the Court on Plaintiffs' (the "Pelzels") *ex parte*

application for temporary restraining order and order to show cause. Dkt. 2. The Court

has considered the pleadings filed in support of the motion and the remainder of the file

and hereby denies the motion for the reasons discussed herein.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

        This matter arises out of a pending foreclosure action involving the Pelzels'

property. On September 23, 2010, the Pelzels filed their complaint against Defendants

and an *ex parte* motion for temporary restraining order ("TRO") and to set a preliminary

injunction hearing. On September 24, 2010, the Pelzels filed a certificate of service of

complaint and *ex parte* motion upon Defendants. Dkt. 3.

        The Pelzels allege the following causes of action: (1) wrongful foreclosure; (2)

failure to comply with the requisites of a trustee's sale; (3) violation of Truth in Lending

Act ("TILA"); (4) violation of the Washington Fair Debt Collection Practices Act; (5)

Violation of the Real Estate Settlement Procedures Act ("RESPA"); (6) breach of duty of

good faith; (7) fraud – intentional misrepresentation; (8) fraud – negligent

misrepresentation; (9) breach of contract; and (10) breach of implied covenant of good

faith and fair dealing. *See ex parte* motion at 6. The Pelzels also request damages and

such other relief as available. *See id.*

Significantly, the Pelzels have known about the impending foreclosure since as

early as June 24, 2010. *See id.* Ex. TR-1 (notice of trustee's sale).  The trustee's sale is set

for October 1, 2010.

## II.  DISCUSSION

**A.    Preliminary Injunction**

The purpose of a TRO is "preserving the status quo and preventing irreparable

harm just so long as is necessary to hold a hearing [on the preliminary injunction

application], and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters &*

*Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452

F.3d 1126, 1130-31 (9th Cir. 2006). To obtain preliminary injunctive relief, the moving

party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable

harm to the moving party in the absence of preliminary relief; (3) that a balance of

equities tips in the favor of the moving party; and (4) that an injunction is in the public

interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376

(2008). Traditionally, injunctive relief was also appropriate under an alternative "sliding

scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However,

the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in

*Winter*.  *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th

Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard,

they are no longer controlling, or even viable").

ORDER - 2

1    Even if the Court assumes, without deciding, that the Pelzels can establish that the
2    balance of equities tips in their favor and that it would be in the public's interest to issue
3    the TRO, the Court must still be satisfied that the Pelzels have also established irreparable
4    harm and a likelihood of success on the merits.

5    Loss of one's home is clearly a serious injury. Nonetheless, Plaintiffs are only
6    entitled to a TRO if they show both a risk of immediate and irreparable injury coupled
7    with some likelihood of success on the merits. *Ashcroft*, 542 U.S. at 666. Troubling to the
8    court in considering this situation to be deserving of a TRO, emergency and rare relief, is
9    the fact that the Pelzels have known about the potential foreclosure of their home for
10   approximately three months prior to filing the instant motion. The Pelzels could have
11   filed a motion for a preliminary injunction after receiving the notice of foreclosure, which
12   would have permitted a proper briefing schedule on which all parties could have
13   participated. Instead, the Pelzels have delayed in bringing this action until just shortly
14   before the sale is scheduled for October, 1, 2010. Put otherwise, this "emergency" has
15   been precipitated, at least in part, by the Pelzels.

16   Turning to the likelihood of success on the merits of the Pelzels' claims, the
17   Pelzels have not made an adequate showing on many if not all of their claims. The bulk of
18   the Pelzels' arguments appear to rest on their assertion that Defendants are not the
19   original creditors and therefore lack standing to foreclose on the mortgage at issue.
20   However, as this Court has concluded previously, courts "have routinely held that [the
21   Pelzels'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White*
22   *& Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash, 2010) (quoting *Diessner v. Mortgage*
23   *Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting
24   cases)).

25   Additionally, with respect to the Pelzels' RESPA allegations, a TRO is not the
26   proper vehicle with which to obtain relief. The remedy for a violation of RESPA is
27   monetary damages and costs, not injunctive relief. *See* 12 U.S.C. § 2605, which provides

28

for the payment of actual damages, costs, and attorneys fees for plaintiffs alleging a violation of that section.

In short, the Pelzels have not made an adequate showing upon which to support the imposition of a TRO in this matter. The Pelzels must serve this order upon Defendants and file proof of such service to the Court. Defendants may file a response to the *ex parte* motion for injunctive relief by October 15, 2010. The Pelzels may thereafter reply by October 20, 2010.

The Court also sets a preliminary injunction hearing in this matter for November 10, 2010 at 2:00 p.m.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Pelzels' *ex parte* motion for Preliminary injunction is **DENIED**, and the Court requests briefing and sets a preliminary injunction hearing in this matter as discussed above.

DATED this 27th day of September, 2010.


_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4